UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cr-20290-MOORE

UNITED STATES OF AMERICA,

v.

JORGE ANDRES MARTINEZ-MARTINEZ,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** was before the Court following an Order of Referral to conduct a proceeding for acceptance of a guilty plea by Defendant Jorge Andres Martinez-Martinez in this case. Based upon the change of plea hearing conducted on September 26, 2023, the undersigned makes the following findings, and recommends that the guilty plea be accepted.

1. This Court advised Defendant of his right to have these proceedings conducted by the District Judge assigned to the case, and that this Court was conducting the change of plea hearing pursuant to an Order of Referral from the District Court. This Court further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. This Court advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge assigned to the case. Defendant, Defendant's attorney, and the Assistant United States Attorney all consented on the record to this Court conducting the change of plea hearing.

2. This Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges, and in accordance with Federal Rule of Criminal Procedure 11.

3. Defendant pled guilty to the Indictment, which charges him with illegal reentry after removal, in violation of 8 U.S.C. § 1326(a). The Court advised Defendant that maximum sentence that may be imposed is a sentence up to 2 years imprisonment, followed by a term of supervised release of up to one (1) year and a fine of up to $250,000.00. Defendant was further advised that the Court will impose a mandatory special assessment of $100.00, which Defendant has agreed is due to be paid at the time of sentencing. Defendant was also advised of the possibility of restitution, as well as removal from the United States. Defendant acknowledged that he understood the possible maximum penalties that could be imposed in the case.

4. To set forth the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. The Government established all the essential elements of the crimes to which Defendant is pleading guilty. Defendant acknowledged that the facts proffered by the Government were accurate, and defense counsel agreed that the proffer satisfied all elements of the crime charged.

5. Defendant acknowledged that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case with her.

6. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charge and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

7. Therefore, the undersigned recommends that Defendant be found to have freely and

voluntarily entered his guilty plea to the Indictment filed in this case, and that Defendant be adjudicated guilty of the offense therein.

8.   A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. The undersigned recommends that a sentencing hearing be set by separate order.

The Parties will have **THREE (3)[1] CALENDAR DAYS** from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Pursuant to Federal Rule of Criminal Procedure 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the Parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 26th day of September, 2023.

                                          LAUREN F. LOUIS
                                          UNITED STATES MAGISTRATE JUDGE

cc:   The Honorable K. Michael Moore
      Counsel of record

---

[1] The period for objections has been shortened with the Parties' agreement; the Parties intend to seek preparation of an abbreviated PSI and expedited sentencing hearing.